[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff, Robert M. Elliott, P.C., a law firm, seeks to recover fees for legal services rendered to the defendant, Mark Stuart, a dentist, in connection with the restoration of Stuart's license to practice dentistry. After trial the court finds the facts as follows.
On November 17, 1995 the defendant, Mark Stuart, met with Robert M. Elliott, an attorney, who is the principal of the plaintiff, for the purposes of obtaining legal representation. The defendant's dental license had been summarily suspended by the Connecticut State Dental Board on November 13, 1995. Stuart told Attorney Elliott that he was losing $30,000 per month due to the suspension of his license. He wanted Attorney Elliott to take all steps necessary to obtain a restoration of the license.
At their first meeting, Stuart signed a retainer agreement which stated that the plaintiff's fee would be based on the amount of time spent and listed the hourly rate of $195 for Attorney Elliott and $175 for Attorneys Sterling and Giacalone, the two associates in the office. The Agreement also provided:
 Balances on your account are due and payable upon receipt of your statement. Interest will accrue on any outstanding balances after thirty days at ten percent per annum. Should you fail to pay your balance, you will be responsible for all costs of collection, including sheriff's fees and a reasonable attorney's fee.
Stuart was aware and agreed that Attorney Elliott and the other attorneys and paralegal in the plaintiffs office would perform work on his case. Realizing that Stuart's loss of his license prevented him from earning a living, Elliott gave Stuart's case priority over the other legal matters of the plaintiff. On the same day on which he first met with Stuart, Elliott assembled everyone in the office, and assigned them various aspects of the legal work. CT Page 13886
The Dental Board had summarily suspended Stuart's license because a young female patient had complained that Stuart had stalked and harassed her. The patient alleged that under the false guise of needing to contact the patient concerning a dental problem, Stuart had obtained from the patient's mother the address of the patient's employer in Washington, D.C. The patient also alleged that Stuart had gone to her office in Washington, D.C. in an attempt to meet her socially. Stuart's license had been in a probationary status at the time of the aforementioned complaint. Four or five other patients had also complained about Stuart to the Dental Board and his license had been previously suspended on one occasion. In the years immediately prior to the license suspension, Stuart earned amounts ranging from approximately $200,000 per year to $400,000 from his dental practice.
The court finds that the legal work done by the plaintiff firm was reasonable and necessary and the result obtained for Stuart almost miraculous. His license was reinstated on January 5, 1996, approximately six weeks after it was suspended.
The court finds that the amount of $13,637.33 remains due from Stuart to the plaintiff. In addition to that amount the court awards the plaintiff interest at the rate of ten percent from March 31, 1996, or $2,275.73 and legal fees of $15,000. Judgment is hereby entered in favor of the plaintiff against the defendant Mark Stuart in the amount of $30,913.06 plus costs.
By the court,
Aurigemma, J.